# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO: 1:17-cv-00143-MR
# [Criminal Case No: 2:93-cr-00019-MR-1]

| | |
|---|---|
| GRADY WILLIAM POWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's pro se "Petition for Writ of Audita Querela/Writ of Error Coram Nobis Pursuant to the All Writs Act." [Doc. 1]. No response is necessary from the Government.

**I.    BACKGROUND**

On September 24, 1993, after a jury trial, Petitioner was convicted in this Court of engaging and attempting to engage in a sexual act with a minor under the age of 12, in violation of 18 U.S.C. § 2241(c). [Criminal Case No. 2:93-cr-00019-MR, Doc. 1-1: Judgment]. On January 10, 1994, the Court sentenced Petitioner to 480 months' imprisonment. [Id.]. Petitioner appealed, and on July 14, 1995, the Fourth Circuit affirmed the conviction and sentence in a published opinion. United States v. Powers, 59 F.3d 1460 (4th Cir. 1995). The U.S. Supreme Court denied certiorari on January 16, 1996. Powers v. United States, 516 U.S. 1077 (1996).

On February 9, 1999, Petitioner filed a habeas petition under 28 U.S.C. § 2254 in the Middle District of Florida, challenging his federal judgment. That court construed the § 2254 petition as a motion to vacate under 28 U.S.C. § 2255, and transferred the action to this Court on October 19, 2000. On January 11, 2001, this Court denied the motion to vacate with prejudice. [Civil Case No. 2:00-cv-00246-WLO, Doc. 1].

Petitioner filed a second § 2255 Motion to Vacate in this Court on August 16, 2012, seeking relief under the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [Civil Case No. No. 2:12-cv-00071-MR, Doc. 1]. The Court denied and dismissed the Motion on September 6, 2013. [Id., Doc. 3.

Petitioner filed the instant *pro se* Petition on May 25, 2017. [Doc. 1]. In his Petition, he alleges the Federal Bureau of Prisons' ("BOP") has failed to provide him adequate medical care. [Doc. 1 at 4-5]. Specifically, Petitioner alleges he suffers from asthma, which has worsened with age. Since his incarceration, he has developed COPD and acid reflux, which he claims is aggravated by the inhalers he has to use to breathe. Petitioner asserts that the BOP has a policy requiring inmates to purchase their medication through the prison commissary at a "30% mark up" and that Health Services at the prison where he is incarcerated confiscates all

2

medication provided by doctors outside the prison and replaces them with ineffective generic medication. [Id. at 4-5]. Petitioner contends that he cannot receive adequate medical care or afford to purchase medication at the prison. He seeks to have his sentence vacated and to be released from custody on these grounds. [Id. at 8].

**II. DISCUSSION**

"The common law writ of audita querela permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2867, at 235 (1973)). Put another way, "a writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (internal quotation marks omitted). The authority of federal courts to recognize common law post-conviction remedies is found in the All Writs Act, 28 U.S.C. § 1651(a) (2016), which provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." See United States v. Morgan, 346 U.S. 502, 506-10 (1954) (holding that § 1651(a)

3

authorized the district court to entertain the defendant's motion pursuant to the common law writ of coram nobis).[1]

While the writ of audita querela has been abolished in civil cases, see Fed. R. Civ. P. 60(e), a number of circuits have recognized that the writ still may be available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (collecting cases). Section 1651 "is a residual source of authority to issue writs that are not otherwise covered by statute," and, "[w]here a statute specifically addresses [a] particular issue . . ., it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). Thus, prisoners may not resort to the All Writs Act when their challenges would be cognizable under § 2255 or to otherwise circumvent the statutory limits on collateral attacks. See United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494–95 (9th Cir. 2010); cf. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (stating that § 2255 is not inadequate or ineffective to test legality of detention merely because petitioner is unable to obtain relief under § 2255).

---

[1] As Petitioner acknowledges, he may not obtain relief by way of a writ of coram nobis, as it is available only to those no longer in custody. See, e.g., United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).

Here, Petitioner's claim would not be cognizable under § 2255 because Petitioner does not allege any legal defect related to either his trial or the sentence imposed. Instead, he seeks to have his sentence vacated on equitable grounds, arguing that he should be released so that he may obtain necessary treatment for his chronic illnesses. [Doc. 1 at 8].

The courts of appeal that have addressed the issue of where audita querela might fill a gap in the current system of post-conviction relief have done so primarily in cases where immigrants facing deportation because of their prior criminal convictions have attempted to use audita querela to argue that deportation would be an unduly harsh consequence. See Ejelonu v. INS, 355 F.3d 539 (6th Cir. 2004), vacated and reh'g en banc granted (July 27, 2004), appeal dismissed (Oct. 18, 2004); Doe v. INS, 120 F.3d 200 (9th Cir. 1997); United States v. LaPlante, 57 F.3d 252 (2d Cir. 1995); United States v. Johnson, 962 F.2d 579 (7th Cir. 1992); United States v. Reyes, 945 F.2d 862 (5th Cir. 1991); United States v. Holder, 936 F.2d 1 (1st Cir. 1991); Ayala, 894 F.2d at 427. With the exception of the Sixth Circuit's since-vacated Ejelonu decision, each of these immigration cases concluded that audita querela, if available, must be brought on "legal" rather than "equitable" grounds.[2] Doe, 120 F.3d at 204 ("[A] writ of audita querela, if it survives at

---

[2] In Ejelonu, the petitioner, who was represented by counsel, sought to appeal the Board of Immigration Appeals' decision dismissing her appeal of a deportation order. 355 F.3d

5

all, is available only if a defendant has a legal defense or discharge to the underlying judgment.") (footnotes omitted); LaPlante, 57 F.3d at 253 ("Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction[.]"); Johnson, 962 F.2d at 582 ("Audita querela . . . provides relief from the consequences of a conviction when a defense or discharge arises subsequent to entry of the final judgment. The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief."); Holder, 936 F.2d at 5 ("if available at all, the writ of audita querela can only be available where there is a legal objection to a conviction, which has arisen subsequent to that conviction"); Reyes, 945 F.2d at 866 (quoting Holder); Ayala, 894 F.2d at 429 (concluding that the "so-called 'pure equity' variant of audita querela finds no support in the historical definition of the writ," and questioning "the authority of federal courts to use it as a 'gap filler' under the All Writs Act").

---

539, 543 (6th Cir. 2004). In a two-to-one decision, a panel of the Sixth Circuit construed the petitioner's appeal as a petition for writ of audita querela, id. at 544, and held that it had the power to "mitigate a judgment's collateral consequences through a writ of audita querela issued for equitable reasons, regardless of the presence of a legal defect in the original proceeding[,]" id. at 548. The panel's decision subsequently was vacated and rehearing en banc granted. Prior to rehearing, the appeal was dismissed.

In <u>United States v. Miller</u>, the Fifth Circuit Court of Appeals addressed the applicability of audita querela in a non-immigration case. 599 F.3d 484 (5th Cir. 2010). Miller had pleaded guilty to conducting a monetary transaction with criminally-derived funds and evading income tax. <u>Id.</u> at 485. As part of his sentence, he was ordered to pay restitution. <u>Id.</u> Miller subsequently learned that the victim in the case had recovered $170,405.00 of the funds that Miller had embezzled and that the Government had failed to credit this sum against his outstanding restitution obligation. <u>Id.</u> at 486. Miller filed a petition for a writ of audita querela, asserting that the district court's restitution order had been rendered infirm by the recovery of the funds and the Government's failure to credit that sum against his outstanding obligation. <u>Id.</u> at 486-87. The Fifth Circuit held that, "if the writ survives, it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment" and that "[p]urely equitable grounds for relief do not justify the issuance of a writ of audita querela." <u>Id.</u> at 488 (citing <u>Reyes</u>, 945 F.2d at 866).

As noted, Petitioner raises no legal objection to his convictions or sentence. Petitioner, rather, asserts that the conditions of his confinement as they may pertain to his ability to obtain medical care, are such that *in equity* he should be entitled to a reduction in his sentence. Based upon the

7

foregoing, the Court concludes that Petitioner has failed to identify a legal defect or discharge that renders his judgment infirm.  Accordingly, he is not entitled to a writ of audita querela, and his petition must be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the "Petition for Writ of Audita Querela/Writ of Error Coram Nobis Pursuant to the All Writs Act" [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS SO ORDERED.**

Signed: June 27, 2017

Martin Reidinger
United States District Judge